Cecil Wayne DANIELS, Petitioner,

v.

The DISTRICT COURT OF OKLAHOMA COUNTY, Respondent.

No. A–13891.

Court of Criminal Appeals of Oklahoma.

March 2, 1966.

Cecil Wayne Daniels, pro se.

Charles Nesbitt, Atty. Gen., D. K. Cunningham, Asst. County Atty., Oklahoma County, for respondent.

BUSSEY, Presiding Judge:

Cecil Wayne Daniels was charged in the District Court of Oklahoma County with the crime of Murder. He was tried by a jury and convicted of the crime of Manslaughter in the First Degree, and on the 29th day of October, 1962, he was sentenced to serve a term of 55 years in the State Penitentiary. Thereafter, on January 17, 1964, a hearing was held before the Honorable Clarence Mills, Judge of the District Court of Oklahoma County, Oklahoma, on defendant's motion for casemade at the expense of the State at which time it was shown to the court that the defendant had not perfected an appeal and that the time for such appeal had long expired and the court denied further a casemade at the expense of the State.

The petition for casemade at public expense in District Court Case No. 22742, was filed in this Court on the 28th day of December, 1965. On the record before us, it appears that the petitioner never requested a casemade in the District Court of Oklahoma County within the time in which an appeal could have originally been lodged and further that he has delayed seeking an order of this Court directing the preparation of said casemade for more than three years after the rendition of judgment and sentence against him.

In Hill v. State, Okl.Cr., 373 P.2d 83, in the Syllabus by the Court, it is stated:

"1. Title 22, O.S.A. § 1054, providing that an appeal in a felony case must be taken within six (6) months after judgment, is mandatory, and the Court of Criminal Appeals cannot entertain an appeal not perfected within such time.

2. An application for writ of mandamus requiring a District Court to furnish a casemade where judgment and sentence in a felony case was entered more than six (6) months prior to filing of such application will be denied.

3. Court of Criminal Appeals will not issue order directing that casemade or

transcript be prepared at expense of county where the application for such casemade or transcript is filed after the expiration of the time in which an appeal may be taken."

In accordance with Hill v. State, supra, and cases cited therein, the writ prayed for is denied. Writ of Mandamus denied.

NIX and BRETT, JJ., concur.